UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:                                              CHAPTER 13
    Robert G. Fultz                              BANKRUPTCY NO. 08-22383-WSH
    1265 Victory Lane
    Independence, Kentucky  41051

    Teresa Fultz
    1265 Victory Lane
    Independence, Kentucky  41051
    Debtors

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
* * * * * *

Comes now the creditor, Toyota Motor Credit Corp., (hereinafter "Creditor") by counsel, and hereby objects to the confirmation of the proposed Chapter 13 Plan.  In support of its Objection, Creditor states as follows:

1. **Proof of Insurance.**  Creditor is not adequately protected as creditor does not have proof of full coverage insurance.  Specifically, the creditor does not know the name of the insurance company, policy number, agent's name and phone number, does not have any assurance that creditor is the loss payee on the insurance policy, and does not have any assurance that the deductible is $500.00 or less for both comprehensive and collision coverages.

2. **Pre-Confirmation Adequate Protection**.  The Plan fails to provide for pre-confirmation adequate protection payments to Creditor within 30 days after the filing of the Plan as mandated by 11 U.S.C. §1326(a)(1)(C).  Creditor holds an allowed claim secured by personal property that is attributable to the purchase of that property.  Said pre-confirmation adequate protection payments should be no less than $454.00 per month, or 1.5% of the balance due.

3. **Lien Avoidance.**  Debtors' plan proposes to avoid the Creditor's lien, but does not state the basis for such avoidance.  The information available to Creditor does not indicate a basis upon which the lien could be avoided.  Until Creditor is presented with evidence that

YBJ (JLN)/09-00601-0

the lien is avoidable, the Creditor objects to this treatment in the plan.

4. **Creditor's Claim Entitled to 910 Treatment**. Creditor's debt is secured by a purchase money security interest and the debt was incurred within the 910 days preceding the date the bankruptcy petition was filed. The collateral securing this debt consists of a motor vehicle acquired for the personal use of the Debtor(s). The Plan proposes to pay less than the entire amount of Creditor's claim in violation of the 11 U.S.C. §1325.

5. Creditor objects to the debtors' plan to the extent that it can be interpreted to require the Trustee to permanently stop disbursement on the remaining unpaid claim of creditor if creditor is granted relief from stay. Pursuant to the holding of In re Adkins 425 F.3d 296 (6th Cir. 2005) and In re Nolan 232 F.3d 528 (6th Cir. 2000) the debtor may not modify the treatment of the creditor's claims post-confirmation following stay termination. The 6th Circuit in Adkins held "that where the Debtor's actions (i.e. default) provide cause for lifting the automatic stay under sections 362(d), the Debtor or Trustee generally cannot move to reclassify the deficiency resulting from the sale of the underlying repossessed collateral as an unsecured claim." Adkins at 305. If the creditor were granted stay termination after confirmation, the creditor's claim should be paid out as secured, with appropriate reduction for the proceeds of the sale. While this may require a temporary suspension of Trustee payments to creditor, payments should resume from the Trustee to the creditor on creditor's allowed secured claim, once any sale proceeds have been applied to reduce the allowed secured claim. The plan does not propose this treatment specifically and this portion of the objection is filed to preserve this issue until this point is further clarified.

> Respectfully Submitted,
>
> MAPOTHER & MAPOTHER, P.S.C.
>
> BY:  /s/ Jessica L. Newman
> Jessica L. Newman
> Counsel for Creditor
> MAPOTHER & MAPOTHER, P.S.C.

YBJ (JLN)/09-00601-0

300 East Main Street, Ste 340
Lexington, KY  40507
859-253-0003

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing either has been sent electronically, or by first class mail to the persons listed below on the date that this pleading is filed with the court: debtor's attorney, Michael W. Lyons, Attorney at Law, 6601 Dixie Highway, Florence, KY  41042, debtor, Robert G. Fultz, 1265 Victory Lane, Independence, Kentucky  41051 and Debtor, Teresa Fultz, 1265 Victory Lane, Independence, Kentucky  41051 and to the Trustee, Beverly M. Burden, P.O. Box 2204, Lexington, KY 40588-2204, U.S. Trustee, 100 East Vine Street, Lexington, KY  40507.

      MAPOTHER & MAPOTHER, P.S.C.

  BY:   /s/  Jessica L. Newman
         Jessica L. Newman
         Counsel for Creditor

YBJ (JLN)/09-00601-0